IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00984-DME-MEH

GILLIE THURBY,

    Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,

    Defendant.
_____

## ORDER ON PLAINTIFF'S MOTION TO COMPEL
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Plaintiff's Motion to Compel the Defendant's Fed. R. Civ. P. 26(a)(1) Initial Disclosures Pursuant to Fed. R. Civ. P. 26 and 37 ("Motion") [filed July 18, 2008; docket #13]. Plaintiff seeks the home addresses and home and cellular telephone numbers for Janessa Brown, Millie Molina and Jeff Young, three employees of Defendant Encore Receivable Management, Inc. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court. Oral argument would not assist the Court in the disposition of this Motion. Based on the reasoning below, Plaintiff's Motion is **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved

**BACKGROUND**

This case is brought pursuant to the Fair Credit Reporting Act for alleged violations concerning harassment and abuse by a collection agency in attempting to collect a debt. Defendant's initial disclosures in this case were due July 10, 2008. *See* docket #12 at 4. Plaintiff argues that Defendant did not satisfy its Rule 26(a)(1) initial disclosure obligations when it disclosed three employees as potential witnesses, but provided only the business address and telephone number for each employee of the Defendant corporation. Docket #13. Plaintiff contends that Defendant must disclose, instead, the personal home address, home telephone number, and cellular phone number of each individual so that Plaintiff may "contact[] the individuals if allowed, to investigat[e] the individuals' backgrounds and serv[e] the individuals with process." *See id.* at 5.

Defendant responds that pursuant to Rule 26, it is obligated to provide only a valid address and phone number for identified individuals. As such, it contends that it has met its obligation by providing Plaintiff with the work phone number and address for the three employees. *See* docket #15. Defendant also argues that Plaintiff has no legitimate purpose for the information because (1) under the Fair Credit Reporting Act, any "background investigation" would constitute a "consumer report" that could not be used for litigation purposes, (2) Plaintiff's counsel would be barred from contacting any of the individuals under ethical rules, and (3) Plaintiff could not have intended to use the information for service purposes because she did not respond to Defendant's offer to accept service. *Id.*

---

party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**DISCUSSION**

Fed. R. Civ. P. 26 seeks "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a), Advisory Comm.'s note, 1993 amend. "Litigants should not indulge in gamesmanship with respect to the disclosure obligations." *Id.* Under Rule 26, parties are required to exchange "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." *Id.*

At first glance, Rule 26(a)(1) does not address whether a disclosed individual's home telephone number, home address, and cellular phone number must be disclosed. Plaintiff points to several cases in which he argues courts have required an individual's personal contact information to be disclosed under Rule 26(a)(1). *See Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001); *Viveros v. Nationwide Janitorial Ass'n*, 200 F.R.D. 681, 683-84 (N.D. Ga. 2000); *Chalick v. Cooper Hosp./Univ. Med. Ctr.*, 192 F.R.D. 145, 150 (D. N.J. 2000); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996). While Defendant argues that none of these cases directly support Plaintiff's proposition and are not binding precedent, the Court finds persuasive the reasoning in *Dixon*, in which the court ordered a party to disclose the personal contact information of its employees, stating that a party may not satisfy its Rule 26(a)(1) obligations simply "by disclosing its business address and phone number, unless it knows of no other address and number." *Dixon*, 164 F.R.D. at 689.

In fact, in a case recently decided in this jurisdiction, the court denied granting a protective order to keep confidential the personal contact information of several police officer defendants. *Estate of Rice ex rel. Garber v. City and County of Denver, Colo.*, No. 07-cv-01571-MSK-BNB,

3

2008 WL 2228702, *4-5 (D. Colo. May 27, 2008). The court reasoned that personal contact information, such as "birth dates, home addresses or telephone numbers, e-mail addresses, or driver's license numbers" are not usually held as private, and instead are "regularly disclosed to friends, relatives, vendors, credit card companies, schools, children's sports teams, and the like." *Id.* As such, the court found that "the personal identifying information at issue here is necessary to allow the plaintiffs to conduct thorough background investigations. . . and that such investigations may lead to the discovery of admissible evidence." *Id.* In light of these opinions and the stated purpose of Rule 26 to encourage a liberal exchange of information, the Court finds considerable support for Plaintiff's position that the personal contact information of individuals disclosed pursuant to Rule 26(a)(1) should be discoverable. Moreover, Defendant has offered no case law or other support suggesting that 26(a)(1) disclosures should be limited only to a valid work address.

Furthermore, the Court finds unpersuasive Defendant's argument that Plaintiff is barred from using personal contact information for background checks under the Fair Credit Reporting Act ("FCRA"). Defendant contends that (1) "any type of 'background investigation' Plaintiff would hope to accomplish by receiving the home addresses and home telephone numbers of Defendant's current employees would constitute a 'consumer report' under the FCRA," and (2) conducting a background investigation for litigation purposes does not constitute a legitimate purpose under the FCRA. Doc. #15 at 5. In support of these contentions, Defendant points to an Eighth Circuit opinion finding that an attorney who had requested two consumer reports of her litigation opponents in preparation for trial had violated the FCRA. *See Bakker v. McKinnon*, 152 F.3d 1007 (8th Cir. 1998). However, Defendant fails to note that, under the FCRA, consumer reports are specifically

4

limited to "any written, oral, or other communication of any information *by a consumer reporting agency*." 15 U.S.C. § 1681a(d)(1) (emphasis added). Thus, Plaintiff's counsel would be subject to the FCRA's prohibitions only if he requests a credit report from a consumer reporting agency (which has not been established in this case). Defendant has provided no case law to support its contention that all types of background investigation would be barred under the FCRA.

Defendant's other arguments are unpersuasive as well, and fail to overcome the presumption in favor of the free exchange of basic information among parties under the liberal standards of the applicable discovery rules.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I hereby ORDER that Plaintiff's Motion to Compel [filed July 18, 2008; doc. #13] is **granted**, and that Defendant provide the home addresses and home and cellular (if known) telephone numbers for Janessa Brown, Millie Molina, and Jeff Young **on or before August 12, 2008**.

Dated at Denver, Colorado, this 5th day of August, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge